**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO.   3:13-00124

JOHN D. HAYES

**MEMORANDUM OPINION AND ORDER**

At the close of the Government's evidence and again at the close of trial, counsel

for the defendant John D. Hayes made an oral motion for judgment of acquittal pursuant to Rule 29

of the Federal Rules of Criminal Procedure on both counts pending against the defendant.   For the

reasons stated on the record as outlined herein, the Court **DENIED** the motion and **ADJUDGED**

the defendant guilty of both counts.

On December 18, 2013, the grand jury returned a two-count superseding

indictment against the defendant.   Count One charged the defendant with Knowingly Distributing

and Attempting to Distribute Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and

2252A(b)(1).   Count Two charged the defendant with Knowingly Possessing Images and Videos

of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).   The Court

held a bench trial on the charges on March 24-26, 2014, denying the defendant's motions under

Rule 29 and adjudging him guilty of both counts.

With respect to Count Two, the defendant argued the Government failed to produce

evidence that he knowingly possessed child pornography.   However, the Court found

overwhelming evidence that established beyond a reasonable doubt that the defendant knew he

downloaded and possessed such images and videos.  The Government presented evidence the defendant used search terms specifically associated with child pornography, [1] and he used Frostwire, a peer-to-peer downloading service, to download files containing child pornography. The Government established the defendant was a sophisticated and meticulous computer user, and he knew and understood the search terms he used would generate child pornography.  The defendant then downloaded those files over Frostwire and stored them on various drives.  In particular, "RM1," a portable 4GB USB drive, contained active folders with both videos and images of child pornography.  The titles of the videos and images he downloaded were very descriptive and would lead any reasonable person to believe they contained child pornography. Therefore, given the overwhelming evidence presented by the Government, the Court found it completely implausible that the defendant did not know he was receiving and storing child pornography, denied his Rule 29 motion with respect to Count Two, and found him guilty of the possession charge.

Turning to Count One, the defendant further argued the Government failed to produce any evidence that he knowingly distributed or attempted to distribute child pornography because there was no evidence that anyone ever downloaded any of the files from his computer. The Court agrees that there was no specific evidence of an actual transfer of any files.  However, the evidence clearly demonstrated that the defendant made such files available for download over Frostwire.

---

[1]The defendant used terms such as Lolita and PTHC, which stands for pre-teen hard core.

Investigators became aware of the defendant after a computer program, referred to as CPS,[2] found the defendant had files available to share with hash values previously identified as child pornography.[3]  The program could not have discovered those hash values unless the defendant had enabled the sharing capabilities of Frostwire on his computer.  In addition, child pornography matching the hash values identified in the CPS report was located on the defendant's computer drives.  Thus, the Court found beyond a reasonable doubt that the defendant intended for others to access the child pornography by making such files available for download over Frostwire.  Therefore, the Court denied the defendant's Rule 29 motion as to Count One and found the defendant guilty of attempt to distribute child pornography.

Accordingly, for the reasons stated at trial and as outlined above, the Court **DENIED** the defendant's oral Rule 29 motion for a judgment of acquittal and **ADJUDGED** the defendant guilty of Counts One and Two of the superseding indictment.

---

[2]CPS searches peer-to-peer networks for the sharing of files suspected of containing child pornography.   CPS then generates a report of those files available for download, the hash value of the file, the GUID (Global Unique Identifier) for the user sharing the files, the IP (Internet Protocol) of the user, and the name of the file available to be shared.

[3]Hash values are the digital signature of a particular file.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        April 3, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

-4-